IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON M. JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-942 (MN) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Sharon M. James, Wilmington, Delaware – Pro Se Plaintiff

Dylan J. Steinberg, UNITED STATES ATTORNEY'S OFFICE, Wilmington, Delaware – Counsel for United States, Circuit Chief Justice Chagares, Circuit Justice Kent Jordan, Hon. Patty Shwartz, Hon. Colm F. Connolly, and Hon. Richard G. Andrews

September 5, 2025
Wilmington, Delaware

*Maryellen Noreika*
**NOREIKA, U.S. DISTRICT JUDGE:**

On August 14, 2024, Plaintiff Sharon M. James, initiated this action by filing a complaint pro se against the United States, Circuit Chief Justice Chagares, Circuit Justice Kent Jordan, Hon. Patty Shwartz, Hon. Colm F. Connolly, Hon, Richard G. Andrew and John Cerino (collectively "Defendants"). (D.I. 1). Presently before the Court is Defendants' Motion to Dismiss the complaint. (D.I. 21). The motion is fully briefed. (D.I. 21, 22, 23). Also pending are ten (10) motions filed by Plaintiff. (D.I. 13, 14, 20, 25, 26, 27, 30, 32, 39). For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss and deny Plaintiff's motions.

**I.   BACKGROUND**

According to the complaint, since 2018 when Plaintiff initiated an employment discrimination suit in this District, her constitutional and civil rights have been denied in legal proceedings and there has been ongoing fraud upon the Court Defendants. (D.I. 1). The complaint identifies four District Court cases, two Third Circuit cases and two Judicial Council cases, all initiated between 2018 and 2023 and none of which were decided in Plaintiff's favor. (*Id.* at 16).

Plaintiff believes that the District Judges assigned to her cases were biased against her because they had, at some point, worked for a law firm that represented the employer that Plaintiff sued in 2018. (*Id.* at 17-18). Plaintiff also believes that District Judges cannot render fair rulings in cases where Plaintiff has sued "fellow employees of U.S. District Court for the District of Delaware." (*Id.* at 26). Plaintiff appears to misunderstand what the title Chief Judge indicates in the District Court context. (*Id.*). Plaintiff may also believe admission to the Third Circuit Bar to be indicative of collusion or bias against her. (*Id.* at 18).

Most of the complaint reiterates issues presented in Plaintiff's prior cases, which have already been adjudicated. (*Id.* at 17-45). Plaintiff seeks relief from judgment in her prior cases, "along with attorney fees and exoneration of court cost." (*Id.* at 46).

1

**II.     LEGAL STANDARDS**

A defendant may move to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.    DISCUSSION**

Defendants' motion to dismiss the complaint will be granted.  (D.I. 21).  As it is apparent from the complaint that Plaintiff is dissatisfied with judicial rulings issued in previous cases, but a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184

(3d Cir. 2009). Moreover, the issues alleged in the complaint, *i.e.*, various factors Plaintiff believes to be indicative of judicial bias and other wrongful acts by Defendants, have already been adjudicated and cannot be re-adjudicated in this case. Furthermore, all of Plaintiff's causes of action arise from a belief that no case has been decided in Plaintiff's favor because District and Third Circuit Judges, the former Clerk of Court for this District, and other government officials and attorneys, have colluded against Plaintiff since 2018. Upon careful review of the complaint and Plaintiff's preceding cases, this claim is unsubstantiated and, simply, is not plausible. The complaint will be dismissed with prejudice. (D.I. 1).

The remaining pending motions will all be denied. Plaintiff's requests for entry of default and motions for default judgment were prematurely filed and they are now moot. (D.I. 13, 14, 26, 27, 30, 32. 39). Plaintiff's motion for post judgment relief was also prematurely filed, warranting dismissal. (D.I. 40). Plaintiff's motion for reconsideration does not state what specifically this Court should reconsider. (D.I. 20). The only Orders issued prior to the filing of the motion for reconsideration required Plaintiff to pay the filing fee or submit AO Form 239, which Plaintiff did and she was granted leave to proceed *in forma pauperis*. (D.I. 4, 5, 8). Finally, Plaintiff's motion to vacate judgments is moot because it is based on the same claims alleged in the complaint and discussed above. (*Compare* D.I. 25, *with* D.I. 1).

\*     \*     \*

Plaintiff is hereby placed on notice that future filings of a similar nature may result in sanctions, in the form of an injunction, barring Plaintiff from initiating other actions in this Court without first obtaining permission from a judge of this Court. *See In re Oliver*, 682 F.2d 443, 445-46 (3d Cir. 1982) (holding that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act

permits the court, under "exigent circumstances," to grant an order enjoining the litigant from filing further actions without court permission).

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (D.I. 21) and dismiss Plaintiff's complaint (D.I. 1) with prejudice.  The ten (10) remaining pending motions will be denied.  (D.I. 13, 14, 20, 25, 26, 27, 30, 32, 39, 40).

An appropriate Order will be entered.